**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DANIEL P. SHANNON,

      Petitioner - Appellant,

v.

BRENT CROUSE; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No.  02-1246
D.C. No. 02-Z-305
(D. Colorado)

---

**ORDER AND JUDGMENT**   *

---

Before  **HENRY** , **BRISCOE** , and  **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Daniel P. Shannon, proceeding pro se, appeals the district court's order dismissing his 28 U.S.C. § 2254 habeas petition. The district court concluded that Shannon had failed to file his petition within the governing one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1), and that he was not entitled to equitable tolling of the limitations period. Pursuant to 28 U.S.C. § 2253(c), we previously granted Shannon a certificate of appealability on the timeliness issue and the respondents were required to file a brief. We affirm the district court's order of dismissal.

Shannon entered a guilty plea to a sexual assault charge. On March 24, 1998, the state trial court pronounced an oral sentence on the charge, and the court imposed "a determined sentence to the Department of Corrections in the amount of seven years *together* with any mandatory period of parole that's applicable to that." Ex. 2 to Shannon's Motion for Summary Judgment (emphasis added). On the same day, the trial court entered a judgment of conviction, or mittimus, which stated that Shannon was sentenced to the Department of Corrections for seven years " *plus* any term of parole authorized by [the applicable statute]." *Id.* at Ex. 3 (emphasis added).

Shannon did not file a direct appeal. Instead, he filed a post-conviction motion for sentencing reconsideration under Rule 35 of the Colorado Rules of

-2-

Criminal Procedure. On August 14, 1998, the trial court denied Shannon's Rule 35 motion, and he did not appeal the denial.

In November 1999, Shannon filed a post-conviction motion under Rule 36 of the Colorado Rules of Criminal Procedure to correct clerical mistakes in the mittimus, claiming that the mittimus conflicted with the trial court's oral sentence. Specifically, Shannon claimed that, by orally sentencing him to the Department of Corrections for "seven years *together* with any mandatory period of parole," the trial court meant to sentence him to a prison term of only two years followed by a five-year period of parole. Shannon claimed the mittimus conflicted with the oral sentence, however, because it provided for a seven-year prison term " *plus* . . . parole." On November 23, 1999, the trial court entered an order denying Shannon's Rule 36 motion, finding that "there was no mistake in defendant's mittimus." R., Doc. 5, Ex. 4.

Shannon appealed the denial of his Rule 36 motion to the Colorado Court of Appeals. On August 9, 2001, the court issued an opinion in which it concluded that the trial court erred by imposing mandatory parole as part of Shannon's sentence, and the court remanded the case to the trial court for entry of an amended mittimus reflecting that he was subject to discretionary parole. However, the court did not address Shannon's claim that the seven-year prison term imposed by the mittimus conflicted with the trial court's oral sentence.

Shannon therefore sought certiorari review in the Colorado Supreme Court, but the court denied his certiorari petition on January 14, 2002.

On February 15, 2002, Shannon filed his § 2254 habeas petition. Shannon subsequently filed a supplement to his habeas petition in which he argued that the petition was filed within the one-year limitations period because: (1) under § 2244(d)(1)(D), the one-year limitations period did not begin to run until July 20, 1999, when he obtained a transcript of the sentencing hearing and discovered the alleged conflict between the trial court's oral sentence and the mittimus; [1] and (2) under § 2244(d)(2), the running of the one-year limitations period was tolled from November 11, 1999, when he filed his Rule 36 motion in the trial court until January 14, 2002, when the Colorado Supreme Court denied certiorari review. Alternatively, Shannon argued that he was entitled to have the one-year limitations period equitably tolled.

The district court rejected Shannon's arguments. First, the court concluded that, under § 2244(d)(1)(A), the one-year limitations period began to run on May 8, 1998, when the period for filing a direct appeal under Colorado law expired and Shannon's conviction and sentence became final. Second, because

---

[1]   Shannon argues for the first time on appeal that his habeas petition was also timely filed under § 2244(d)(1)(B) and (C). Shannon's arguments under subsections (B) and (C) are without merit, and he waived them by failing to assert them in the district court.

Shannon had failed to allege that he was somehow prevented from obtaining a copy of the mittimus or knowledge of the factual predicate for his claims, [2] the court concluded that he had knowledge of the alleged conflict between the trial court's oral sentence and the mittimus at the time the mittimus was entered. Third, the court concluded that, under § 2244(d)(2), the one-year limitations period was tolled only from May 8, 1998 [3] until August 14, 1998, when the trial court entered its order denying Shannon's Rule 35 motion. Finally, the court concluded that there was no basis for equitable tolling.

We review the district court's factual findings for clear error and its conclusions of law under § 2244(d) de novo. *Burger v. Scott*, __ F.3d __, No. 01-6285, 2003 WL 152736, at *3 (10th Cir. Jan. 15, 2003). We review the district court's decision on equitable tolling for an abuse of discretion. *Id.* Having conducted the required reviews, we agree with the district court's conclusions, and we affirm the dismissal of Shannon's habeas petition for substantially the same reasons set forth in the order and judgment of dismissal entered by the district court on May 15, 2002. Further, we deny Shannon's pro se

---

[2] At page 15 of their brief, respondents note Shannon's inclusion in his supplement to his habeas petition of an official time computation report dated March 31, 1998, which indicated Shannon's sentence was seven years.

[3] Because the record did not reveal the day on which Shannon filed his Rule 35 motion, the district court assumed it was filed on May 8, 1998–the same day Shannon's conviction and sentence became final.

motions for summary judgment and judgment by default filed with this court, but we grant his pro se motion for leave to amend his motion for summary judgment and his motion for leave to file a supplemental reply brief.  We also grant his motion for leave to proceed on appeal without prepayment of costs or fees.

The district court's order and judgment of dismissal is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge